IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| TRENT LEBAHN and WENDY LEBAHN, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> NATIONAL FARMERS UNION ) <br> UNIFORM PENSION PLAN, et al., ) <br> ) <br> Defendants. ) <br> ) | **CIVIL ACTION** <br><br> No. 15-1065-MLB |

**MEMORANDUM AND ORDER**

This case comes before the court on defendants' motion to dismiss. (Doc. 9). The motion has been fully briefed and is ripe for decision. (Docs. 10, 15, 23). Defendants' motion is granted for the reasons herein.

**I.   Facts**

Plaintiff Trent Lebahn was employed by National Farmers Union Insurance Company for more than 32 years. In 2012, Lebahn began to contemplate early retirement. At the time, Lebahn was fully vested in the pension plan and eligible for early retirement. Lebahn contacted Eloise Owens, a pension consultant for defendant National Farmers Union Uniform Pension Plan (the Plan). The Plan had contracted with Owens' company to determine benefits, qualifications and other certifications of benefits for Plan participants.

Owens calculated that Lebahn would receive monthly benefits in the amount of $8444.18. Lebahn questioned the calculation because the amount was "substantially greater than the annual statements he had been receiving each year." (Doc. 15 at 5). Owens verified her

numbers and informed Lebahn that the actuaries were low and missing something.  Lebahn submitted his application for early retirement.  On June 15, 2012, Lebahn received a letter from Owens stating that his retirement would be effective July 1, 2012, and that he would receive a monthly benefit of $8445.39.  (Doc. 1, exh. 2).

In March 2013, Lebahn was contacted by a representative of the Plan who informed him that he was being overpaid.  The representative told him that his monthly benefits under the Plan were $3653.78.  The Plan also demanded repayment of the excess benefits.  Lebahn appealed the decision and his appeal was denied.  Lebahn requested that he return to his old position and was told that his position was no longer available.  Lebahn was offered an available position in western Kansas but Lebahn declined the offer because he did not want to relocate.

In January 2014, Lebahn filed an action in this court against Owens alleging a state law claim of negligent misrepresentation.  See Case No. 14-1001-CM.  Judge Murgia dismissed the action on the basis that it was preempted by ERISA.  Lebahn v. Owens, 2014 WL 2694214 (D. Kan. June 12, 2014).  That decision is currently on appeal to the Tenth Circuit.  See Tenth Circuit Case No. 14-3244.

On March 6, 2015, Lebahn and his wife, Wendy Lebahn, filed this action against the Plan, the Pension Committee of the Plan and "National Farmers Union Pension Consultants."[1]  (Doc. 1).  Plaintiffs now contend that defendants breached their fiduciary duty under ERISA

---

[1] Defendants contend that there is no entity "National Farmers Union Pension Consultants."  (Doc. 10 at 3).  Plaintiffs do not dispute defendants' contention in their response.

-2-

by failing to inform plaintiffs of their benefits, failing to consider all facts in awarding benefits and by failing to reverse the negative benefits determination. Defendants move to dismiss on the basis that plaintiffs have failed to state a claim or, in the alternative, that plaintiffs are barred from bringing this claim based on the doctrine of res judicata.

**II.   Motion to Dismiss Standards: FRCP 12(b)(6)**

The standards this court must utilize upon a motion to dismiss are well known. To withstand a motion to dismiss for failure to state a claim, a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face. Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007)). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to plaintiff. Archuleta v. Wagner, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon this court's consideration. Shero v. City of Grove, Okla., 510 F.3d 1196, 1200 (10th Cir. 2007). In the end, the issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claims. Beedle v. Wilson, 422 F.3d 1059, 1063 (10th Cir. 2005).

**III. Analysis**

   **A.   Breach of Fiduciary Duty**

Defendants argue that plaintiffs' claim of breach of fiduciary duty must fail because Owens was not acting as a functional fiduciary and ERISA does not allow damages as a result of incorrect benefit projections.

A fiduciary within the meaning of ERISA must be someone acting in the capacity of manager, administrator, or financial adviser to a Plan. See 29 U.S.C. §§ 1002(21)(A)(i)-(iii). The Supreme Court has held that in "every case charging breach of ERISA fiduciary duty . . . the threshold question is not whether the actions of some person employed to provide services under a plan adversely affected a plan beneficiary's interest, but whether that person was acting as a fiduciary (that is, was performing a fiduciary function) when taking the action subject to complaint." Pegram v. Herdrich, 530 U.S. 211, 225-26, 120 S. Ct. 2143, 2152-53, 147 L. Ed. 2d 164 (2000). Plaintiffs contend that Owens exercised control over distribution of assets and therefore was a functional fiduciary. The complaint, however, alleges that plaintiffs' claim arises out of Owens' actions when she incorrectly calculated the pension benefits and informed plaintiffs of the erroneous benefits that were available under the plan.

Benefits calculations and processing claims for benefits are not considered fiduciary responsibilities under ERISA. See 29 C.F.R. § 2509.75-8[2]; see also David P. Coldesina, D.D.S. v. Estate of Simper,

---

[2] Q: Are persons who have no power to make any decisions as to plan policy, interpretations, practices or procedures, but who perform the following administrative functions for an employee benefit plan, within a framework of policies, interpretations, rules, practices and procedures made by other persons, fiduciaries with respect to the plan:(1) Application of rules determining eligibility for participation or benefits;(2) Calculation of services and compensation credits for benefits;. . . (6) Calculation of benefits;. . . (9) Preparation of reports concerning participants' benefits;(10) Processing of claims. . . [Answer]: No. Only persons who perform one or more of the functions described in section 3(21)(A) of the Act with respect to an employee benefit plan are fiduciaries. Therefore, a person who performs purely ministerial functions such as the types described above for an employee benefit plan within a framework of

407 F.3d 1126, 1132 (10th Cir. 2005) ("tasks that might otherwise require discretion but which are performed within the confines of plan policies and procedures" are ministerial and non-fiduciary functions.)

Because Owens was not acting as a fiduciary when she performed benefits calculations, plaintiff's claim for breach of fiduciary duty must be dismissed.[3]

**B. Equitable Estoppel**

In their response, plaintiffs contend that defendants are estopped from paying the incorrect benefits because of the eligibility letter sent out by Owens.

In Palmer v. Metro. Life Ins. Co., 415 Fed. App'x. 913, 920-21 (10th Cir. 2011), the Tenth Circuit held that an "insured's reliance on an administrator's oral and written statements cannot create coverage, because it is the language of the plan that controls the entitlement to benefits." The Circuit acknowledged that additional facts, such as a formal decision awarding benefits, may support a claim of estoppel. Id. The letter Lebahn received from Owens is

---

policies, interpretations, rules, practices and procedures made by other persons is not a fiduciary because such person does not have discretionary authority or discretionary control respecting management of the plan, does not exercise any authority or control respecting management or disposition of the assets of the plan, and does not render investment advice with respect to any money or other property of the plan and has no authority or responsibility to do so. 29 C.F.R. § 2509.75-8.

[3] Even though Owens was not acting as a fiduciary when she calculated benefits, the Fund could still be liable for breach of fiduciary duties if Owens, a ministerial employee, "misrepresented the terms of the Pension Plan and the Pension Plan documents were not clear." See Tegtmeier v. Midwest Operating Engineers Pension Trust Fund, 390 F.3d 1040, 1048 (7th Cir. 2004). Plaintiffs, however, have not alleged that the Plan documents were ambiguous and, after review, the benefits formula appears to be unambiguous. See Doc. 1, exh. 1.

-5-

alleged to be a document which constitutes a contract under ERISA. (Doc. 1 at 5). While the court may or may not agree with that characterization, the court will proceed to the merits of an estoppel claim.

In Palmer, the Tenth Circuit set forth the following elements which are required to make a claim of estoppel under ERISA: "1) conduct or language amounting to a representation of material fact; 2) awareness of the true facts by the party to be estopped; 3) an intention on the part of the party to be estopped that the representation be acted on, or conduct toward the party asserting the estoppel such that the latter has a right to believe that the former's conduct is so intended; 4) unawareness of the true facts by the party asserting the estoppel; and 5) detrimental and justifiable reliance by the party asserting estoppel on the representation." Id.

In this case, plaintiffs have not alleged sufficient facts to support element 2. The complaint alleges that Owens "supplied false information . . . because she grossly failed to use reasonable care to obtain correct information." (Doc. 1 at 6). There is no allegation in the complaint that Owens, much less defendants, had awareness of the true amount of benefits at the time Lebahn requested a benefits calculation or when he filed his application for benefits. Moreover, plaintiffs have not set forth sufficient facts which would support a finding that their reliance on Owens' statement was justifiable in light of the fact that the complaint states that Lebhan "questioned the validity of [Owens'] numbers as the monthly benefits Owens had calculated was substantially greater than the annual statements he had been receiving each year." (Doc. 1 at 3). In

-6-

addition, the Plan unambiguously states the formula to calculate pension benefits. See Palmer, 415 Fed. App'x. at 921 (no justifiable reliance when Plan documents unambiguously set forth Plan terms).

Accordingly, the court finds that plaintiffs have failed to state a claim of equitable estoppel.

**IV. Conclusion**

Defendants' motion to dismiss is granted. (Doc. 9). Plaintiffs' motion for oral argument is denied. (Doc. 16).

A motion for reconsideration of this order is not encouraged. Any such motion shall not exceed 5 double-spaced pages and shall strictly comply with the standards enunciated by this court in Comeau v. Rupp, 810 F. Supp. 1172, 1174 (1992). The response to any motion for reconsideration shall not exceed 5 double-spaced pages. No reply shall be filed.

IT IS SO ORDERED.

Dated this ___20th___ day of August 2015, at Wichita, Kansas.

                                         s/ Monti Belot
                                         Monti L. Belot
                                         UNITED STATES DISTRICT JUDGE